UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In Re:                                                    Case No. 21-13242-PDR

MARTHA C. PUERTO-SWINSON,                                 Chapter 13

      Debtor.

_____/

**RESPONSE TO DEBTOR'S MOTION TO DETERMINE HOMESTEAD PURSUANT TO 11 USC §522(f) AND TO AVOID MORTGAGE LIEN IN THE APPROXIMATE AMOUNT OF $53,000.00 BY BANK OF AMERICA, NA. PURSUANT TO FLORIDA STATUTE 95.11(2)(c)**

Bank of America, NA ("Secured Creditor"), by and through its undersigned counsel files this *Response to Debtor's Motion to Determine Homestead Pursuant to 11 USC §522(F) and to Avoid Mortgage Lien in the Approximate Amount of $53,000.00 by Bank of America, NA. Pursuant to Florida Statute 95.11(2)(c)*, and states as follows:

### I. STATEMENT OF FACTS

**A. LOAN HISTORY**

1. On June 25, 2007, Martha Puerto-Swinson ("Debtor") executed a Home Equity Credit Line Agreement in the principal sum of $63,500.00 (the "Note") to Countrywide Home Loans, Inc. The Line of Credit is secured by a Mortgage (the "Mortgage") (collectively, "the Second Mortgage") on the real property located at 9111 SW 22 Court Unit A, Davie, FL 33324 (the "Property"). The Mortgage was signed by both Debtor and James T. Swinson as Wife and Husband.

2. The Mortgage reflects that it was recorded in the Public Records of Broward County, Florida, Book 44302 at page 607. A copy of the loan documents are attached as **Exhibit A**.

3. The First Mortgage held by Bank of America, N.A. as Servicer for The Bank of New York Mellon (the "First Mortgage Holder") has not foreclosed on the Property and upon information and belief, Debtor resides at the Property.

4. The last payment Secured Creditor received on the Second Mortgage was on or about May 27, 2016.

5. According to the Note, the draw period on the Second Mortgage was 60 months which could be renewed for an additional 60 month period. Upon completion of the draw period, the repayment period was 180 months.

6. Based on the initial draw period, the renewed draw period, and the repayment period, the maturity date of the Second Mortgage is May 25, 2032.

7. On March 13, 2020, Secured Creditor filed a Complaint on the Note in the 17th Judicial Circuit, in and for Broward County, Florida, Case No. 20-004482 based on Debtor's failure to abide by the monthly minimum payment requirements. A copy of the Complaint and State Court Docket are attached as **Exhibit B**.

8. The Complaint was voluntarily dismissed without prejudice on April 7, 2021. A copy of the Dismissal is attached as **Exhibit C**.

9. According to a Residential Property Broker's Price Opinion ("BPO"), the Property is valued at $262,000.00. A copy of the BPO is attached as **Exhibit D**.

**B.   THE BANKRUPTCY HISTORY**

10. On April 5, 2021, Debtor filed the instant Chapter 13 Bankruptcy Petition.

11. Debtor exempted the Property on Schedule C of the bankruptcy petition.

12. The First Mortgage Holder filed its *Proof of Claim No. 2* in the secured amount of $143,561.79 along with arrears in the amount of $12,853.37.

13. Secured Creditor did not file a Proof of Claim in the case.

14. According to the Proposed *Second Amended Chapter 13 Plan* [Dkt. No. 23] Debtor is proposing to pay the First Mortgage Holder and Secured Creditor direct and outside the bankruptcy.

15. On June 18, 2021, Debtor filed the *Motion to Determine Homestead Pursuant to 11 USC §522(F) and to Avoid Mortgage Lien in the Approximate Amount of $53,000.00 by Bank of America, NA. Pursuant to Florida Statute 95.11(2)(c)* [Dkt No. 16] (the "Motion"). In the Motion, Debtor alleges that since the Debtor's non-filing spouse did not sign the Note, and is therefore not responsible for the debt associated with the Note, the Mortgage constitutes a cloud on the title of the Debtor's homestead property. Debtor further alleges that pursuant to Florida Statute 95.11(b) Secured Creditor's lien should be avoided because a legal or equitable action on a contract, obligation, or liability founded on a written instrument must be brought within five years of the debt being incurred, and in this case Secured Creditor did not do so.

II. **ARGUMENT**

A. **DEBTOR CANNOT AVOID SECURED CREDITOR'S MORTGAGE ON THE HOMESTEAD PROPERTY**

1. **Legal Standard:**

16. 11 USC §522(f) indicates in permanent part:

> (1)Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

>   (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or
>
>   (B) a nonpossessory, nonpurchase-money security interest in any—
>
>   >   (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
>   >   (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
>   >   (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

17. A plain reading of Section 522(f) indicates that there are two types of liens that may be avoided under this subsection: judicial liens and nonpossessory, nonpurchase-money security interest liens in certain personal property. Nonjudicial liens, and in particular consensual liens, may **not** be avoided under Section 522(f)(1)(A). *In re Kemper*, 225 B.R. 505, 507 (Bankr. M.D. Fla. 1998); In *re McCaw*, 2013 WL 1558095, at *2 (Bankr. M.D. Ala. Apr. 12, 2013).

18. Nothing in the provisions of Section 522(f) permits Debtor to treat the Second Mortgage as a judicial lien to circumvent the effects of both section 1322(b)(2) and *Nobleman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106 (1993), which do not permit the stripping of a second mortgage on homestead property when there is equity in the property.

19. In the instant case, it is clear that Secured Creditor's Second Mortgage is a nonjudicial, consensual lien and therefore cannot be avoided.

   **2.    Debtor is Required to File an Adversary Proceeding to Challenge the Validity of the Loan Documents**

20. Moreover, if Debtor is seeking to cancel, avoid, or expunge the loan documents associated with the Second Mortgage she must file a lawsuit. Fed. R. Bankr. P. 7001 sets forth ten (10) types of matters that constitute an adversary proceeding, one of which is a proceeding to

"determine the validity, priority, or extent of a lien or other interest in property." See Fed. R. Bankr. P. 7001.

21. In the present case, the Motion seeks to avoid Secured Creditor's lien secured by the Property. Clearly, such relief cannot be accomplished through Section 522(f). To the extent Debtor seeks to accomplish what she cannot under Section 522(f) she must do so through an adversary proceeding. See Fed. R. Bankr. P. 7001. Accordingly, the Motion should be denied as procedurally improper, and Debtor should be required to file an adversary proceeding, in the event she seeks relief that would cancel, avoid, or expunge the loan documents associated with the Second Mortgage.

### 3. Secured Creditor has a Valid Second Mortgage on the Property which cannot be avoided or stripped

22. Debtor appears to argue that because Secured Creditor is allegedly unable to collect on its note or lien, the lien can somehow be extinguished. Nothing under the Bankruptcy Code would allow a consensual mortgage lien to be avoided based on those grounds. At best, Section 502 provides that a claim may be disallowed when the claim is deemed unenforceable under applicable law. However, in this case Secured Creditor has not filed a claim, no claim objection is before the Court, and even if a claim had been filed, and an objection lodged, nothing under Section 502 provides for the relief Debtor seeks. The remedy of lien avoidance is simply not there, and when the words of a statute are unambiguous, the inquiry should end. *See Connecticut National Bank v. Germain*, 503 U.S. 249, 254 (1992).

### 4. Debtor Lacks Standing to Bring an Avoidance Action Outside of the Confines of Section 522(f)

23. Even assuming there were provisions which permitted a consensual mortgage lien to be extinguished based on collectability, Debtor lacks standing to seek that relief.

24. The Bankruptcy Code generally limits avoidance actions in a Chapter 13 case to the Chapter 13 trustee. Section 1303 of the Bankruptcy Code fails to reference any of the Bankruptcy Code's avoidance statutes as a power that a Chapter 13 debtor retains. Thus, a Chapter 13 debtor, like this one, generally cannot avoid a lien outside of the confines of Section 522(f).

25. Section 1303 grants Chapter 13 debtors only certain limited powers otherwise reserved to trustees. It provides that "[s]ubject to any limitations on a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(l), of this title." 11 U.S.C. § 1303. Section 1303 does not refer to Section 544 and there is no other section in the Bankruptcy Code generally authorizing Chapter 13 debtors to exercise trustee's avoidance powers. *See In re Richardson,* 311 B.R. 302, 304 (Bankr. S.D. Fla. 1988). Thus, the Debtor's only option to seek the relief that she does lies under Section 522(f), but as previously explained Section 522(f) simply does not permit a Debtor to avoid a nonjudicial consensual lien.

26. The absence of statutory authorization for Chapter 13 debtors to pursue a broader array of avoidance actions contrasts with the express statutory authorization for Chapter 11 debtors. As debtors-in-possession, Chapter 11 debtors have specific authority under Section 1107 to exercise all avoidance powers available to trustees. *Id.* at 304. Because that is not the case for Chapter 13 debtors, the Debtor is impermissibly attempting to utilize Section 1303 to avoid a lien which Debtor is unable to avoid under Section 522(f).

**5. There is No Basis Under Which Secured Creditor's Lien Could be Avoided Even if the Debtor Had Standing to Try to Avoid it**

27. Finally, it is well established that if a secured creditor's mortgage is secured only by an interest in real property that is the debtors' principal residence, the security interest cannot

be stripped unless it is wholly unsecured. 11 U.S.C. § 1322(b)(2); *Nobleman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106 (1993).

28. According to a Residential Property Broker's Price Opinion ("BPO"), the Property is valued at $262,000.00 and the First Mortgage Holder is owed $143,561.79.

29. Thus, given the value of the Property, there is sufficient equity to not only payoff the First Mortgage, but to payoff Secured Creditor's Line of Credit. As such Debtor would not be permitted to strip Secured Creditor's lien.

30. For purposes of the Motion, in an effort to circumvent the effects of both Section 1322(b)(2) and the *Nobleman* decision, Debtor is attempting to classify Secured Creditor's Debt as a Judicial Lien.

31. If the Debtor were allowed to avoid the Second Mortgage via the Motion, the Debtor would essentially procure a windfall to which she is not entitled.

**B. SECURED CREDITOR'S ABILITY TO RECOVER ON THE NOTE AND MORTGAGE IS NOT BARRED BY THE STATUTE OF LIMITATIONS**

32. Upon information and belief, Debtor is alleging that since Secured Creditor did not file a foreclosure action prior to the filing of this case, Secured Creditor is barred from collecting on the debt because the Statute of Limitations period based on a written instrument is five (5) years.

33. The five (5) year Statute of Limitations period, pursuant to Florida Statute 95.11, has not expired as the Line of Credit expires on no sooner than May 25, 2032.

34. Moreover, the State Court Complaint was voluntarily dismissed on April 7, 2021.

35. Under Florida law, the statute of limitations does not begin to run until the foreclosure judgment and foreclosure sale, not at the default date of the underlying mortgage note. *Sueter v. Wells Fargo Bank, N.A.*, 5D17-3821, 2019 Fla. App. LEXIS 1097, 2019 WL

405601, (Fla. 5th DCA Jan. 29, 2019) (citing and quoting *Aluia v. Dyck-O'Neal, Inc., 205 So. 3d 768, 774-75 (Fla. 2d DCA 2016)*, for the elements of a deficiency cause of action); *Dyck-O'Neal, Inc. v. Germany,* 236 So. 3d 1194, 1194-95 (Fla. 5th DCA 2018) (reversing summary judgment and holding that "the statute of limitations to seek a deficiency judgment does not begin to run until after the entry of foreclosure judgment and subsequent foreclosure sale").

36. In *Bartram v. U.S. Bank Nat'l Ass'n*, 211 So.3d 1009 (Fla. 2016), the Florida Supreme Court held that dismissal of a foreclosure had the effect of revoking the debt acceleration and restoring the prior payment relationship of the parties, thereby allowing a subsequent acceleration and foreclosure so long as the foreclosure action was based on a subsequent default, and that action was brought within five years of that subsequent default. *Id.* at 1019–21. And, it is irrelevant whether the foreclosure suit was dismissed with or without prejudice. *Dorta v. Citibank National Association for Lehman Brothers- BNC Mortgage Loan Trust 2007-3*, 707 Fed. Appx. 660, 661-662 (11th Cir. 2017). As such, Secured Creditor remains free to recover unpaid installments, at the very least, less than five years old.

37. Moreover, termination of a mortgage lien in Florida is governed by Fla. Stat. 95.281(1)(b), Florida's statute of repose. Under that statute, a mortgage lien does not terminate until five years after the date of maturity provided in the mortgage documents. Thus, Secured Creditor has a period of five (5) years from the maturity date of May 25, 2032, in which to file a foreclosure lawsuit.

38. Finally, even if Secured Creditor were required to file a complaint within five (5) years from the date of the last payment made on the Note, the filing of the instant bankruptcy has tolled that period pursuant to the automatic stay provisions of 11 U.S.C. § 362.

**WHEREFORE**, Secured Creditor requests the entry of an order which denies the Motion; and for such further and other relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Wanda D. Murray*
Wanda D. Murray, FL Bar No.: 566381
Aldridge | Pite LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 701-8994

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Response to Objection to Claim was served electronically or via U.S. Mail, first-class postage prepaid, to:

Martha C. Puerto-Swinson
9111 SW 22 Court
unit A
Davie, FL 33324

John D. Bristol
1776 N. Pine Island Rd., #224
Plantation, FL 33322
Email: courts@jbristol.com

Robin R Weiner
POB 559007
Fort Lauderdale, FL 33355
ecf2@ch13weiner.com

Dated: July 16, 2021

/s/ *Wanda D. Murray*
Wanda D. Murray
FL Bar No.: 566381
Aldridge | Pite LLP
Attorney for Secured Creditor
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 701-8994